# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 13-69 (RC) |
| | : | |
| DAMION ALEXANDER PEDDIE, | : | Re Document Nos.: 38, 39, 40 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### DECLINING TO ADOPT RECOMMENDATION; GRANTING THE GOVERNMENT'S MOTION TO REVIEW AND REVERSE; DENYING DEFENDANT'S MOTION TO ADOPT THE MAGISTRATE COURT'S RULING; ORDERING REVOCATION OF SUPERVISED RELEASE

## I. INTRODUCTION

Defendant Damion Alexander Peddie was brought before a magistrate judge for a Preliminary Revocation Hearing on his supervised release, which dates from a 2013 conviction in this Court. The magistrate judge recommends that no action be taken by this Court with respect to the alleged violation of supervised release because she found that the defendant was not on supervised release at the time of the alleged violation. Both parties filed motions, with the government asking the Court to review and reverse this recommendation and the defendant asking the Court to adopt it. Because the Court disagrees with the recommendation of the magistrate judge, it grants the government's motion, denies the defendant's, and orders that the defendant's supervised release be revoked.

## II. FACTUAL BACKGROUND

The facts of this case are not in dispute. On October 4, 2013, this Court sentenced Peddie to concurrent terms of forty-eight months of incarceration, to be followed by three years of supervised release. Oct. 4, 2013 Minute Entry; s*ee also* Judgment, ECF No. 27. He was

released from the custody of the Bureau of Prisons (BOP) on August 19, 2016, and was taken into custody by Immigration and Customs Enforcement (ICE) that say day. On September 9, 2016, Peddie was removed by ICE to Jamaica.

At some point thereafter, Peddie returned to the United States without obtaining legal permission. He was re-arrested in the District of Columbia on November 22, 2017, but was released without charges for reasons that are not entirely clear from the record. On December 22, 2017, the U.S. Probation Office petitioned this court for a warrant for Peddie's arrest based on two alleged violations of his conditions of supervision. ECF No. 33. This Court approved the warrant. ECF No. 34. Peddie was not re-arrested until July 25, 2019.

Peddie was brought before the Magistrate Judge for a Preliminary Revocation Hearing on his supervised release. Transcript of Probation Revocation Proceedings Before the Honorable Deborah A. Robinson, United States District Court Magistrate Judge ("Transcript"), ECF No. 38. The probation office withdrew the first of the two alleged violations. *Id.* at 4. The second alleged violation said that Peddie had violated the following conditions:

> Defendant shall comply with the Bureau of Immigration and Customs Enforcement's Immigration Process. If deported, defendant shall not re-enter the United States without legal authorization during the period of the supervision. Should defendant receive permission to return to the United States, he shall report to the U.S. Probation Office in the area where he intends to reside within 72 hours of his return.

U.S. Probation Office Petition, ECF No. 33 at 2. The defendant conceded the relevant facts, as stated above, regarding the timing of his removal and reentry without authorization and conceded that he had never reported to a U.S. Probation Office upon his return to the United States. Transcript at 4.

After hearing arguments, the magistrate judge accepted the defendant's argument. The Magistrate Court found that Peddie had never reported to a Probation Office to begin his

supervised release and could not have done so within the first seventy-two hours of his release from BOP custody—since he was in ICE custody at that time. *Id.* at 20. This meant he was never "installed on supervised release" and was not on supervised release at the time of the alleged violation. *Id.* at 21. The magistrate judge therefore recommended that this Court take no action with respect to the second alleged violation. *Id.* The government seeks review and reversal of this ruling, ECF No. 39, and the defense seeks to have it adopted, ECF No. 40.

### III. ANALYSIS

District courts must apply a *de novo* standard of review when considering objections to, or adoption of, a recommendation from a magistrate judge. *See Gardill v. District of Columbia*, 930 F. Supp. 2d 35 (D.D.C. 2013); *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 255–56 (D.D.C. 2006) (citing 28 U.S.C. § 636(b)(1)(B)); 28 U.S.C. § 636(b)(1)(B). "[A] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Heiser*, 466 F. Supp. 2d at 255–56; *see also Roell v. Withrow*, 538 U.S. 580 (2003) (noting that a district court is "free to do as it sees fit with [a] magistrate judge's recommendations" made under authority of 28 U.S.C. § 636(b)(1)).

In this instance, the Court declines to adopt the magistrate's recommendation because it goes against a plain reading of the statute and the weight of precedent throughout the Circuits. The defendant in this case suggested, and the magistrate judge agreed, that supervised release does not begin until the defendant is "installed on supervised release" by meeting with a Probation Officer or by receiving some sort of instruction about doing so. Transcript at 21. The federal statute that controls supervised release has no such requirement but says—with no qualification—that "[t]he term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). The statue does not require "installation on

supervised release," and defendant has cited no authority suggesting that such a requirement exists.

The defendant argues that his supervised release could not have started when he left BOP custody because he was immediately placed in ICE custody. This, too, is inconsistent with the statute's text and with other Circuits' readings. The Fifth Circuit explains that the statue only refers to BOP custody as "imprisonment" and that ICE custody is not "imprisonment" for purpose of the statute because it is only civil detention, not associated with a conviction for a crime. *See United States v. Garcia-Rodriguez*, 640 F.3d 129, 133 (5th Cir. 2011). The Ninth Circuit has reached the same conclusion. *E.g.*, *United States v. Turner*, 689 F.3d 1117, 1124–26 (9th Cir. 2012); *United States v. Astorga*, No. CR S-99-270, 2008 WL 2446119, at *2 (E.D. Cal. June 12, 2008) (holding that, although supervised release is tolled during incarceration for a crime, "[s]imply because a later administrative detention following the criminal incarceration is 'related to' the conviction at issue does not make it incarceration for a crime," and thus does not toll supervised release), *aff'd*, 457 F. App'x 698 (9th Cir. 2011). Deportation, likewise, has been determined not to end supervised release. *See United States v. Ramirez-Sanchez*, 338 F.3d 977, 980 (9th Cir. 2003) ("A defendant's deportation does not extinguish supervised release.") (citing *United States v. Brown*, 54 F.3d 234, 238 (5th Cir. 1995)).

Further support for the Court's reading of the statute can be found in the line of cases holding that a district court cannot require that a period of supervised release be tolled while a defendant is out of the country. *E.g.*, *United States v. Okoko*, 365 F.3d 962, 966 (11th Cir. 2004) (holding that district court's ability, under 18 U.S.C. § 3583(d), to require defendants to remain outside the United States as a condition of supervised release, "logically precludes the tolling of a release while the alien defendant is outside of the country." (quotation omitted)); *see also*

*United States v. Gonzales*, 418 F. App'x 191, 193 (4th Cir. 2011) (per curiam); *United States v. Cole*, 567 F.3d 110, 115–16 (3d Cir. 2009); *United States v. Ossa–Gallegos*, 491 F.3d 537, 539–40 (6th Cir. 2007) (en banc); *United States v. Juan-Manuel*, 222 F.3d 480, 487 (8th Cir. 2000); *United States v. Balogun*, 146 F.3d 141, 145 (2d Cir. 1998). This consensus that district courts are unable to stop the supervised release period from running while a defendant is out of the country is strong evidence that the supervised release period may begin and continue to run notwithstanding deportation and a lack of active supervision by U.S. Probation Officers.

### IV.  CONCLUSION

For the foregoing reasons, the government's Motion to Review and Reverse is **GRANTED**, and Defendant's Motion to Adopt the Magistrate Court's Ruling is **DENIED**. The defendant's supervised release will be revoked. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 26, 2019                                               RUDOLPH CONTRERAS
                                                                                                   United States District Judge